AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** ☐ COMPLAINT  ☑ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

21 U.S.C. § 846- Conspiracy;
21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii);
21 U.S.C. § 856(a)(2);
18 U.S.C. § 1957

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**PENALTY:**
See Attached Penalty Sheet

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S.**

▶ SHON MATTHEW SQUIER and VALERIE HERSCHEL

**DISTRICT COURT NUMBER**

CR07-00351 MJJ

FILED JUN - 1 2007 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court
Alameda County

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☑ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.
06-70799 WDB

Name and Office of Person Furnishing Information on THIS FORM  **SCOTT N. SCHOOLS**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  H. H. (Shashi) Kewalramani

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☑ Is on Bail or Release from (show District)
Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed

**DATE OF ARREST** ▶ 12/11/2006

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT  Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

## PENALTIES

<u>Count One - 21 U.S.C. § 846 - Conspiracy To Manufacture And Distribute Marijuana</u>
<u>Count Two - 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) - Distribution Of Marijuana</u>

5 years mandatory minimum term of imprisonment, not more than 40 years imprisonment, $2,000,000 fine, a minimum of 4 years of supervised release, maximum of 5 years of supervised release, $100 special assessment.

<u>Count Three - 21 U.S.C. § 856(a)(2) - Managing Or Controlling A Place For Unlawfully Manufacturing, Storing, and Distributing Marijuana</u>

20 years imprisonment, $2,000,000 fine, 3 years of supervised release, $100 special assessment

<u>Counts Four-Seven - 18 U.S.C. § 1957(a) - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity.</u>

10 years imprisonment, $250,000 (or twice the amount involved in the transactions), 3 years of supervised release, $100 special assessment

;;;

E-filing

SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

FILED

2007 JUN -1 AM 9: 13

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) No. **CR07-00351** MJJ |
|---|---|
| Plaintiff, | ) VIOLATIONS: 21 U.S.C. § 846 - Conspiracy To Manufacture And Possess With Intent to Distribute Marijuana; 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) - Distribution Of Marijuana; 21 U.S.C. § 856(a)(2) - Managing Or Controlling A Place For Unlawfully Manufacturing, Storing, and Distributing Marijuana; 18 U.S.C. § 1957(a) - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity. |
| v. | |
| SHON MATTHEW SQUIER and VALERIE LYNN HERSCHEL, | |
| Defendants. | |
| | ) OAKLAND VENUE |

INFORMATION

The United States Attorney charges:

COUNT ONE:     (21 U.S.C. § 846 - Conspiracy To Manufacture And Distribute Marijuana)

1.     On or about and between February 2005 and December 2006, in the Northern District of California, the defendants,

SHON MATTHEW SQUIER and
VALERIE LYNN HERSCHEL,

and others, did knowingly and intentionally conspire to manufacture and distribute a Schedule I controlled substance, namely, more than 100 marijuana plants, in violation of Title 21, United

INFORMATION

1  States Code, Section 846.

2  COUNT TWO:     (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) - Manufacture and
3                 Possession With Intent to Distribute Marijuana)

4    2.    Between in or about September 2006 and December 2006, in the Northern

5  District of California, the defendants,

6                       SHON MATTHEW SQUIER and
7                       VALERIE LYNN HERSCHEL,

8  did knowingly and intentionally manufacture and possess with intent to distribute a Schedule I

9  controlled substance, namely, more than 100 marijuana plants, in violation of Title 21, United

10  States Code, Sections 841(a)(1) and (b)(1)(B)(vii).

11  COUNT THREE:   (21 U.S.C. § 856(a)(2) - Managing Or Controlling A Place For Unlawfully
12                 Manufacturing, Storing, and Distributing Marijuana)

13    3.    Beginning at a time unknown but no later than September 2006, and continuing to

14  on or about December 12, 2006, in the Northern District of California, the defendants,

15                       SHON MATTHEW SQUIER and
16                       VALERIE LYNN HERSCHEL,

17  did unlawfully manage and control a business at 22612-22630 Foothill Boulevard, Hayward,

18  California as operator, lessee, agent, employee, or occupant and did knowingly and intentionally

19  make the business available for the purpose of unlawfully manufacturing, distributing, and

20  storing marijuana, and did profit from such activity, in violation of Title 21, United States Code,

21  Section 856(a)(2).

22  COUNTS FOUR THROUGH SIX:  (18 U.S.C. § 1957(a) - Engaging in Monetary Transactions
23                             in Property Derived From Specified Unlawful Activity)

24    4.    Paragraphs 1 through 3 of this Information are incorporated by reference as

25  though fully set forth in this count.

26  ///
27  ///
28  ///

INFORMATION

5. On or about the dates set forth below, in the amounts set forth below, in the Northern District of California, defendant

SHON MATTHEW SQUIER

did knowingly engage in a monetary transaction as defined in 18 U.S.C. § 1957(f)(1) in the following amounts using criminally derived property of a value greater than $10,000 knowing that such property had been derived from the commission of specified unlawful activity, namely, the controlled substance offenses set forth in paragraphs 1 through 3 above:

| Count | Date | Item Purchased | Amount |
|---|---|---|---|
| 4 | 4/15/2005 | Residence at 2812 Chronicle, Hayward, CA | $45,000 |
| 5 | 5/28/2005 | Dodge Pickup Truck | $40,200 |
| 6 | 7/20/2005 | Residence at 2812 Chronicle, Hayward, CA | $532,107 |

Each in violation of Title 18, United States Code, Section 1957(a).

COUNT SEVEN:   (18 U.S.C. § 1957(a) - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

6. Paragraphs 1 through 3 of this Information are incorporated by reference as though fully set forth in this count.

7. On or about July 31, 2006, in the Northern District of California, defendant

VALERIE LYNN HERSCHEL

did knowingly engage in a monetary transaction as defined in 18 U.S.C. § 1957(f)(1) by paying a down payment for a residence at 26959 Parkside, Hayward, CA in the amount of $85,853 using criminally derived property of a value greater than $10,000 knowing that such property had been derived from the commission of specified unlawful activity, namely, the controlled substance offenses set forth in paragraphs 1 through 3 above, in violation of Title 18, United States Code, Section 1957(a).

FIRST FORFEITURE ALLEGATION: (21 U.S.C. §§ 853(a) – Drug Forfeiture)

8. The factual allegations contained in Counts One through Three of this Information

INFORMATION

1  are hereby realleged and by this reference fully incorporated herein for the purpose of alleging
2  forfeiture pursuant to Title 21, United States Code, Section 853(a)(1) and (a)(2).
3      9.   Upon a conviction of any of the offenses alleged in Counts One through Three,
4  defendants,

SHON MATTHEW SQUIER and
VALERIE LYNN HERSCHEL,

shall forfeit to the United States all right, title and interest in property constituting and derived from any proceeds, defendants obtained, directly or indirectly, as a result of said violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to a sum of money equal to the total amount of proceeds defendants derived from the commission of said offenses.

10.  If, as a result of any act or omission of the defendants, any of said property
   a.   cannot be located upon the exercise of due diligence;
   b.   has been transferred or sold to or deposited with, a third person;
   c.   has been placed beyond the jurisdiction of the Court;
   d.   has been substantially diminished in value; or
   e.   has been commingled with other property which cannot be divided without difficulty;

any and all interest defendants have in any other property, up to value of the property described in paragraph 45 above, shall be forfeited to the United States pursuant to Title 21, United States Code, Section 853(p).

All in violation of Title 21, United States Code, Sections 853(a)(1),(a)(2), (p) and Rule 32.2 of the Federal Rules of Criminal Procedure.

SECOND FORFEITURE ALLEGATION :  (18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture)

11.  The factual allegations contained in Counts Four through Seven of this Information are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

INFORMATION

1  12. Upon a conviction of any of the offenses alleged in Counts Four through Seven, defendants,

SHON MATTHEW SQUIER and,
VALERIE LYNN HERSCHEL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all right, title and interest in property, real and personal, involved in said violation, or any property traceable to such property, including but not limited to the following:

    a. all commission, fees and other property constituting proceeds of said offense;

    b. all property used in any manner to commit or facilitate the commission of said offense;

    c. a sum of money equal to the total amount of money involved in the commission of said offense.

13. If, as a result of any act or omission of the defendants, any of said property

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendants have in any other property, up to value of the property described in paragraph 48 above, shall be forfeited to the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

///
///
///
///
///

INFORMATION

1  All in violation of Title 18, United States Code, Sections 982, 1957, and Rule 32.2 of the
2  Federal Rules of Criminal Procedure.

4  DATED: 6/1/07

SCOTT N. SCHOOLS
United States Attorney

W. DOUGLAS SPRAGUE
Chief, Oakland Branch Office

(Approved as to form: _____)
AUSA KEWALRAMANI
Assistant U.S. Attorney

INFORMATION